

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00083-CR

ENRICO GUADALUPE ZAMBRANO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20453-1705, Honorable Kregg Hukill, Presiding

August 2, 2018

ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Enrico Guadalupe Zambrano filed a notice of appeal, appearing *pro se*, from his conviction of continuous sexual abuse of a child[1] and sentence to thirty years' imprisonment. The clerk's record was filed on May 1, 2018, and the reporter's record on

---

[1] TEX. PENAL CODE ANN. § 21.02 (West Supp. 2017).

June 6. Consequently, appellant's brief was due by July 6. To date, appellant has not filed a brief and we have received no further communication from him.[2]

Appellate Rule 38.8(b) provides, in part, that an appellant's failure to file a brief in a criminal case does not authorize either dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found either (1) the appellant no longer desires to prosecute the appeal, or (2) the appellant is not indigent and has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1), (4). We, therefore, abate this appeal and remand the cause to the trial court for further proceedings pursuant to Appellate Rule 38.8(b).

On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1. whether appellant still desires to prosecute his appeal;

2. whether appellant is indigent and entitled to the appointment of counsel;

3. whether appellant has failed to make the necessary arrangements for filing a brief;

4. the reason for the failure to file a brief; and

5. if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

Should the trial court determine appellant desires to prosecute the appeal and is indigent, it shall appoint appellate counsel. The name, address, e-mail address,

---

[2] On July 9, 2018, the trial court granted the motion to withdraw of appellant's appointed trial counsel.

telephone number, and state bar number of any newly-appointed counsel shall be provided to the Clerk of this Court in an order of the trial court.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing subjects and shall cause to be developed (1) a supplemental clerk's record containing the findings of fact and conclusions of law, and (2) a supplemental reporter's record transcribing any evidence and argument presented. The trial court shall also cause the record containing the court's findings and conclusions and any hearing record to be filed with the Clerk of this Court on or before September 4, 2018.

It is so ordered.

Per Curiam

Do not publish.